```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


DR. SALMA MUSAAD ALI MUSAAD,   :
et al.                         :
                               :
     Plaintiffs,               :   NO. 1:07-CV-00149
                               :
     vs.                       :
                               :   OPINION AND ORDER
ROBERT MUELLER, DIRECTOR,      :
FEDERAL BUREAU OF              :
INVESTIGATIONS, et al.         :
                               :
     Defendants.               :
```

This matter is before the Court on Defendants' Motion to Dismiss (doc. 4), Plaintiffs' Response (doc. 9), and Defendants' Reply (doc. 10).  Defendants' Motion to Dismiss is DENIED but this matter is REMANDED to USCIS for further proceedings consistent with this decision.

**I. Background**

According to her Complaint, Plaintiff Dr. Salma Musaad Ali Musaad,("Musaad"), a lawful permanent resident of the United States since November 23, 1998, applied to become a naturalized United States citizen in 2004 (doc. 1).  Plaintiff's initial application was denied due to a shortfall in the required number of days of physical presence, so she reapplied in March 2005 (Id.). On Sept. 2, 2005, U.S. Citizenship and Immigration Services ("USCIS") issued a "N-652," Naturalization Interview Results, confirming that Dr. Musaad had passed the citizenship interview

(Id.). USCIS could not make a final determination on Musaad's application for naturalized citizenship, however, because the required Federal Bureau of Investigation ("FBI") background check had not yet been completed (Id.). USCIS then issued three "Notices of Action" on October 18, 2005, December 27, 2005, and January 9, 2006, informing Musaad that a final determination was still pending the results of the FBI background check, and that no time frame could be provided for the completion of this check (Id.). To date, more than two years later, Musaad has not received a final decision on her application to become a naturalized U.S. citizen (Id.).

Musaad and her husband, Hafiz Hussein Mohamed Salih, ("Salih") submitted an I-130, Petition for Alien Relative, in May 2006 (Id.). The USCIS approved the petition on January 4, 2007 (Id.). However, because Musaad remains only a permanent resident, Salih is unable to immediately obtain permanent resident status, and instead remains on the waiting list for spouses of permanent residents (Id.). Salih has also sought political asylum before the U.S. Administrative Judge, but as this status is unavailable to the beneficiary of an approved I-130 petition, the asylum case has been closed (Id.). As a result, Salih is currently unable to obtain employment authorization (Id.).

Plaintiffs Musaad and Salih filed this action on February 23, 2007 (Id.). They seek a writ of mandamus, or in the alternative, an injunction, compelling Defendants to immediately

2

complete Musaad's background check, naturalize Musaad as a U.S. citizen, and grant Salih permanent resident status. (Id.) Plaintiffs claim jurisdiction under the Mandamus and All Writs Acts, 28 U.S.C. §§ 1361 and 1651, respectively (Id.). In the alternative, they further claim jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551 et seq., 555(b), 704, and 706(l), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and general federal question jurisdiction under 28 U.S.C. § 1331.

Defendants filed the instant Motion to Dismiss Plaintiffs' Complaint on May 3, 2007, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (doc. 4). Defendants argue the Court lacks jurisdiction under 8 U.S.C. 1447(b), and that subject matter jurisdiction based on a mandamus action is therefore improper (doc. 4). Defendants further argue the Court lacks jurisdiction under the APA, because Congress has established no requisite time period during which the FBI must complete a background check, and the Court should defer to agency expertise in security and immigration matters (Id.).

**II. The Applicable Standards**

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, one of two standards may apply, depending on the nature of the defendant's challenge.

3

Golden v. Gorno Bros., 410 F.3d 879 (6th Cir. 2005). If the challenge is directed to the factual basis for jurisdiction, the court must weigh the evidence presented, and the plaintiff bears the burden of proving that a basis for subject matter jurisdiction exists. DLX, Inc. v. Kentucky, 381 F.3d 511 (6th Cir. 2004). However, if the defendant challenges the court's subject matter jurisdiction "on its face," the court must, in effect, resolve the motion on the same standard as a Rule 12(b)(6) motion, treating all of the facts alleged in the complaint as true. See id.; RMI Titanium Corp. V. Westinghouse Elec. Corp., 78 F.3d 1125 (6th Cir. 1996); accord Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884 (3d Cir.1977). In this case, the Court views Defendant's challenge as a facial attack on the Court's subject matter jurisdiction, and therefore the Court will take all well-pleaded allegations in Plaintiffs' Complaint as true.

As for Defendants' Fed. R. Civ. P. 12(b)(6) challenge, the Court will similarly take all well-pleaded facts in Plaintiffs' Complaint as true. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The Court must construe the complaint in the light most favorable to the plaintiff. Block v. Ribar, 156 F.3d 673 (6th Cir. 1998). The Court may not weigh the evidence or consider the credibility of any witnesses that may have come before it. Miller v. Currie, 50 F.3d 373 (6th Cir. 1995). The question before the Court is not whether Plaintiffs are likely to succeed on

4

the merits, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To dismiss for failure to state a claim, the Court must determine that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984).

**III. Discussion**

    **A.  The Parties' Arguments**

Defendants argue this matter is entirely governed by 8 U.S.C § 1447(b), which grants jurisdiction to district courts to review an application for naturalization when "there is a failure to make a determination...before the end of the 120-day period after the date on which the examination is conducted" (doc. 4). Under the statute, should the Court obtain jurisdiction, it may then adjudicate the matter or remand it to USCIS, with instructions on how to proceed (Id.).

In Defendants' view, Section 1447(b) forms the only proper basis of jurisdiction for judicial review of a naturalization petition before such a petition is denied, and any attempt to avoid its requirements by invoking mandamus or other general grants of jurisdiction is improper (Id.). Defendants further argue that Plaintiffs have failed to allege the necessary facts to claim jurisdiction under Section 1447(b) (Id.).

Plaintiffs respond that, under the proper standard of

5

review for a Rule 12(b)(6) motion, the face of the Complaint shows a lapse of over 650 days since the date of Musaad's interview, and argue the unreasonableness of such delay defeats any motion to dismiss for failure to state a claim (Id.). Relying on Anjum v. Hansen, No. 2:06-CV-00319, 2007 U.S. Dist. LEXIS 22685, *1 (S.D. Ohio, March 28, 2007), Plaintiff argues mandamas jurisdiction is appropriate here. In Anjum, the court allowed the mandamus action of a lawful permanent resident to withstand a motion to dismiss where the Defendant USCIS failed to provide a naturalization interview as statutorily required within ninety days of the submission of an I-751 form. 2007 U.S. Dist. LEXIS *2,*10. As for Defendant's invocation of 8 U.S.C. § 1447(b), Plaintiffs argue they do not base their Complaint upon such Section, and in their view, it is therefore inapplicable (Id.).

Defendants argue in reply that Anjum is clearly distinguishable from this case, as it involved statutes surrounding the I-751 form, which is not an issue in this case (doc. 10). Defendants further argue that under the most recent circuit decision, Walji v. Gonzales, 489 F.3d 738 (5th Cir. 2007), the 120-day period set in Section 1447(b) does not begin until the entire examination process, including background checks, is complete (Id.). Under such reasoning, Plaintiff Musaad here would have no standing to assert a Section 1447(b) claim, as her background check is incomplete and the 120-day period would not have yet begun

6

(Id.).

### B. Analysis

#### 1. Jurisdiction Under 8 U.S.C. § 1447(b)

As an initial matter, the Court finds well-taken Defendants' position that this matter falls squarely under the scope of 8 U.S.C. § 1447(b). Because a general grant of jurisdiction should not be used to avoid the requirements of a specific grant of jurisdiction, Brown v. General Services Administration, 425 U.S. 820, 834 (1976)("In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies"), the Court therefore need not reach the parties' arguments regarding mandamus and other theories of jurisdiction. Moreover, the Court finds misplaced Plaintiffs' reliance on Anjum, 2007 U.S. Dist. LEXIS 22685, *1 (S.D. Ohio, March 28, 2007) as the facts of that matter are simply not on point. As Defendants argue, this case involves no explicit deadline, no I-751 form, and its facts place it at a different point in the application process. Finally, the Court has no jurisdictional hook under the A.P.A. because there has been no final administrative action here. 5 U.S.C. § 704.

Of particular import to this case is that since the time Defendants filed their reply, the Fifth Circuit withdrew its decision in Walji v. Gonzales, and reissued an opinion reversing its earlier holding. No. 06-20937, 2007 U.S. Dist. LEXIS 22101 *1

(5th Cir. September 14, 2007). In a careful opinion reviewing the language of Section 1447(b), the statutory scheme, the legislative history, and the weight of authority of the greater majority of the courts, the Fifth Circuit concluded that the 120-day period commences after the discrete event of the agency's interview of an applicant. Id. at *8-18.[1] The Court is persuaded by the Fifth Circuit's revised holding in Walji, that the term "examination" in Section 1447(b) refers to the naturalization interview, not the entire process including background checks. To find otherwise would be inconsistent with the statutory text and the relevant agency regulations.

Consequently, in this matter, the Court finds that it has jurisdiction under Section 1447(b) to consider Plaintiff's claims. Plaintiff was interviewed by USCIS officer Richard L. Morris on Sept. 2, 2005 (doc. 1). Plaintiffs filed their Complaint on February 23, 2007, over five hundred days after her initial examination (Id.). Such filing is well beyond the 120 days specified by statute, and this Court therefore has jurisdiction

---

[1] While the Fifth Circuit's reading of the statute would seem to impose an onerous burden on the FBI to process criminal background checks within a short period of time, the Walji court noted that the issue would not arise were USCIS following its own regulations, which require the criminal background check to be completed before the naturalization interview. 2007 U.S. Dist. LEXIS 22101 at *18, 8 C.F.R. 335.2(b).

8

over Plaintiffs' naturalization application.[2]

## 2. Failure to State a Claim

Having established that jurisdiction exists under 8 U.S.C. § 1447(b), this Court must decide whether Plaintiffs have failed to state a claim upon which relief may be granted. Section 1447(b) authorizes district courts to determine or remand naturalization decisions that have been pending for more than 120 days after the examination is conducted. The basic requirements for a claim under this section are essentially identical to the jurisdictional requirements: a plaintiff must have a pending naturalization petition, and that petition must have been pending for 120 days after the examination was conducted. 8 U.S.C. § 1447(b).

Reading the Complaint in the light most favorable to Plaintiffs, and taking all facts alleged therein as true, the Court finds that Plaintiffs have alleged sufficient facts to survive this motion to dismiss. While the required time is not specifically alleged, it is easily deduced from facts alleged and the filing date of the Complaint. The particulars of Plaintiff's application for naturalization are alleged in some detail, with specific dates and supporting documents.

---

[2]Rather than dismissing Plaintiffs' Complaint for failing to allege their claims under Section 1447(b), and allowing them to amend and refile, the Court finds the interests of justice and judicial economy mandate that the Court construe the Complaint under the applicable section.

Therefore, this Court cannot say that, as a matter of law, Plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted. Defendants' motion to dismiss on such ground is therefore denied.

### 3. Hearing or Remand

The same section of the U.S. Code that grants this Court jurisdiction to consider Plaintiffs' claim leaves the question of how best to proceed within the court's discretion. A district court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Almost without exception, courts have elected to remand similar questions to the USCIS. Manzoor v. Chertoff, 472 F.Supp.2d 801 (E.D. Va. 2007) (collecting cases). Generally, when statutes place primary responsibility for a decision in agency hands, courts should remand to that agency when possible. Immigration & Naturalization Service v. Ventura, 537 U.S. 12 (2002). The reasons behind that general rule are especially compelling in this case.

A district court is ill-suited to deciding a naturalization petition; it does not have the resources or experience to properly evaluate the multitude of individual factors that must be considered. This is especially true of the criminal background check. The FBI has extensive resources and personnel devoted to this very task; this Court does not. Determining this

10

matter without the "definitive results" of the criminal background check would be to undermine Congressional intent, which requires the check to be completed before any funds may be allocated to determining a naturalization petition. Dep'ts of Comm., Justice, and State, the Judiciary and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, Title I, 111 Stat. 2440, 2448 (1997).

The Court further finds it inappropriate to issue an Order requiring the FBI to expedite the background check. First, the text of Section 1447(b) does not clearly authorize this Court to do so. The options offered are to "determine the matter" or to "remand. . . with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). The Court finds well-taken Defendants' position that judicial deference to the executive branch is appropriate in the security and immigration matters at stake in this case. INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999). However, in remanding this matter, the Court instructs the USCIS to process Musaad's application as expeditiously as practical once the results of the background check are received. Should such processing surpass 120 days, this case would be in a different posture, and the Court could very well find it appropriate "determine the matter" under Section 1447(b).

**IV. Conclusion**

While the Court is sympathetic to the long delay Plaintiffs have endured in this case, the Court nonetheless can

11

presently find no basis to either expedite Plaintiffs' background check or to independently determine this matter. 8 U.S.C. § 1447(b). Accordingly, while the Court DENIES Defendants' Motion to Dismiss (doc. 4), the Court also REMANDS this matter to U.S. Citizenship and Immigration Services, with instructions to act as expeditiously as is practical once the results of Plaintiff's background check are received.

SO ORDERED.

Dated: October 16, 2007          /s/ S. Arthur Spiegel

                                                S. Arthur Spiegel
                                                United States Senior District Judge